UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:23-cv-00614-SHK | Date: | June 5, 2023 |
| Title: | *Luxury Lease Partners v. Gabor Montique Fusick, Jr., et al.* | | |

Present: The Honorable  Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):   FINAL ORDER TO SHOW CAUSE**

On April 7, 2023, Plaintiff Luxury Lease Partners ("Plaintiff") filed a complaint ("Complaint" or "Compl.") against Defendants Gabor Montique Fusick, Jr. and Does 1-50, inclusive ("Defendants") under 28 U.S.C. § 1332 for an alleged fraud relating to Defendants' alleged failure to satisfy the terms of an automobile lease agreement.  See Electronic Case Filing Number ("ECF No.") 1, Compl. at 3-4 (Plaintiff alleging facts about Defendants' alleged violation of an automobile lease); see also ECF No. 4, Civil Cover Sheet at 1 (Plaintiff indicating the nature of the suit is "Other Fraud").

On April 11, 2023, the Clerk of Court issued Plaintiff a 21 Day Summons ("Summons") as to Defendants.  ECF No. 8, Summons.  On May 2, 2023, Plaintiff applied for a Writ of Possession ("Writ") pursuant to California State law and the California Code of Civil Procedure. ECF No. 10, Writ at 1-2 (Plaintiff applying for the Writ under Cal. Code Civ. P. § 512.070 and alleging this action is subject to Cal. Civ. Code §§ 2981-2984.4); see also ECF Nos. 9, 11, 12 (documents related to the Writ).

Plaintiff, however, failed to file a proof of service ("POS") in violation of the Federal Rules of Civil Procedure ("Rules") as discussed below, and so it appears that the Court lacks jurisdiction over Defendants.

"[S]ervice of process is the means by which a court asserts its jurisdiction over the person[.]"  S.E.C. v. Ross, 504 F.3d 1130, 1138 (9th Cir. 2007) (citation omitted).  "'Service of a

summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant[.]'" Id. (quoting Fed. R. Civ. P. 4(k)).

"On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal[]" and "a[] summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served." Fed. R. Civ. P. 4(b). "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time[,]" however, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4." Direct Mail Specialist, Inc., v. Eclat Computerized Tech., Inc., 840 F.2d 685, 688 (9th Cir. 1988). "[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." Ross, 504 F.3d at 1138-39 (citations omitted).

Consequently, on May 11, 2023, the Court ordered Plaintiff to show cause by May 30, 2023 why the Writ should not be denied due to the Court's apparent lack of jurisdiction over Defendants. ECF No. 13, Order to Show Cause ("OSC"). Plaintiff was instructed that Plaintiff could satisfy the OSC "by filing a POS with the Court on or before that date showing that Defendants have been properly served." Id. at 2. Further, Plaintiff was "**warned that failure to timely satisfy this Order may result in the Writ being denied and the case being dismissed for failure to prosecute and follow Court orders.**" Id. (emphasis in original).

As of the date of this order, Plaintiff has not satisfied the OSC or otherwise participated in this litigation. Consequently, Plaintiff is ORDERED TO SHOW CAUSE one final time by **June 12, 2023,** why the Writ should not be denied due to the Court's apparent lack of jurisdiction over Defendants and why the case should not be dismissed for failure to prosecute and follow Court orders. Plaintiff may satisfy this Order by filing a POS with the Court on or before the date listed above showing that Defendants have been properly served. **Plaintiff is warned that failure to timely satisfy this Order will result in the Writ being denied and the case being dismissed for failure to prosecute and follow Court orders.**

**IT IS SO ORDERED.**